KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
RACHEL EVANS
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M. Street NE, Room 8.143
Washington, DC 20530
(202) 305-4355

RACHAEL A. HONIG
Acting United States Attorney
MICHAEL E. CAMPION
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
Civil Rights Unit
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 645-3141

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY; TAHESHA WAY, in her official capacity as New Jersey Secretary of State; and KEVIN S. CORBETT, in his official capacity as President and CEO of New Jersey Transit,<br><br>Defendants. | Civil Action No. |

## COMPLAINT

The United States of America, plaintiff herein, alleges:

1. The Attorney General files this action pursuant to Section 7 and Section 11(a) of the National Voter Registration Act (NVRA), 52 U.S.C. §§ 20506 and 20510(a).

2. As relevant here, Section 7 of the NVRA requires states to designate all offices that provide state-funded programs primarily serving persons with disabilities as "voter registration agencies." In turn, such designated voter registration agencies must offer specific voter registration services with each application for disability services.

3. In this action, the United States alleges that the State of New Jersey's failure to designate Access Link—the New Jersey Transit paratransit program—and Community Transportation—a county-based transportation program primarily serving persons with disabilities—violates Section 7 of the NVRA. Furthermore, the United States alleges that the failure of Access Link and Community Transportation offices to offer voter registration services also violates Section 7 of the NVRA.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331, 1345, and 2201(a) and 52 U.S.C. § 20510(a).

5. Venue is proper in this Court under 28 U.S.C. §§ 110 and 1391(b).

## PARTIES

6. The NVRA authorizes the Attorney General to file a civil action on behalf of the United States of America for such declaratory or injunctive relief as is necessary to carry out the Act. 52 U.S.C. § 20510(a).

7. The State of New Jersey is one of the States of the United States of America. New Jersey is subject to the requirements of the NVRA. 52 U.S.C. §§ 20502(4), 20503.

8. Tahesha Way is the New Jersey Secretary of State, the chief election official of the State. N.J. Rev. Stat. § 52:16A-98(b). As New Jersey's chief state election official, she is responsible for coordinating State responsibilities under the NVRA. 52 U.S.C. § 20509. She is sued in her official capacity.

9. Kevin S. Corbett is the President and CEO of the New Jersey Transit Corporation. He is sued in his official capacity.

## ALLEGATIONS

10. Section 7(a)(2)(B) of the NVRA requires the State of New Jersey to designate all offices that provide State-funded programs primarily serving people with disabilities as "voter registration agencies." 52 U.S.C. § 20506(a)(2)(B).

11. Offices designated as voter registration agencies pursuant to Section 7(a)(2)(B) must distribute with each application for such service—and with each recertification, renewal, or change of address form relating to such service—a mail voter registration application form, unless the applicant, declines, in writing, to register to vote. 52 U.S.C. § 20506(a)(6).

12. Designated voter registration agencies must also assist applicants in completing voter registration application forms (unless the applicant refuses such assistance) and must accept completed voter registration application forms for transmittal to the appropriate State election official. 52 U.S.C. § 20506(a)(4)(A)(ii)-(iii). Voter registration agencies must then transmit accepted voter registration application forms to appropriate State election officials in accordance with statutory deadlines. 52 U.S.C. § 20506(d).

13. New Jersey has designated several categories of State, county, and municipal offices as voter registration agencies, including some offices that provide State-funded programs primarily engaged in providing services to persons with disabilities. *See* N.J. Rev. Stat. § 19:31-6.11.

14. The New Jersey Transit Corporation is New Jersey's public transportation corporation. New Jersey Transit operates approximately 250 bus routes and 12 rail lines statewide and provides nearly 270 million passenger trips each year.

15. Access Link, a component of New Jersey Transit, is the primary provider of paratransit services in New Jersey.

16. Paratransit is a transportation service required by the Americans with Disabilities Act for individuals with disabilities who are unable to use fixed route transportation systems. 49 C.F.R. § 37.3; N.J. Rev. Stat. § 27:25-3(d). Access Link service is comparable to New Jersey Transit's local fixed route bus and light rail systems.

17. Access Link provides transportation for persons with disabilities to locations within a defined radius of New Jersey Transit routes. As of 2019, Access Link provided over 1.7 million trips annually.

18. Access Link relies on state funding to provide these services.

19. Access Link requires persons seeking paratransit services to apply for those services and establish program eligibility.

20. New Jersey has not designated Access Link offices as a voter registration agency.

21. Access Link offices do not distribute voter registration forms with applications for paratransit services or change of address forms, assist with completion of voter registration forms, or accept voter registration forms for transmittal to appropriate state election officials.

22. Community Transportation is a county-based transportation program primarily serving persons with disabilities. Each of New Jersey's 21 counties has a Community Transportation program.

23. Community Transportation provides accessible feeder transportation service to accessible fixed-route transportation services, as well as accessible local transit service. N.J. Rev. Stat. § 27:25-28(a)(1).

24. The New Jersey Senior Citizen and Disabled Resident Transportation Assistance Program (SCDRTAP) assists counties to develop and provide Community Transportation, including coordinating the program within and among counties and providing 8.5% of state casino revenues as funding. N.J. Rev. Stat. § 27:25-28(a)-(b). In the 2019 fiscal year, SCDRTAP funded over 813,000 Community Transportation rides.

25. New Jersey Transit administers SCDRTAP and issues grants to Community Transportation programs. N.J. Rev. Stat. § 27:25-31. To receive these funds, Community Transportation programs must submit plans that meet New Jersey Transit program guidelines. *See* N.J. Rev. Stat. §§ 27:25-29 to -30.

26. New Jersey Transit ensures that Community Transportation programs meet guidelines, rules, and regulations by requiring SCDRTAP grant recipients to submit reports and by New Jersey Transit staff conducting on site program reviews.

27. Nearly all Community Transportation offices require clients to apply for services and establish program eligibility.

28. New Jersey has not designated Community Transportation offices as voter registration agencies.

29. Community Transportation offices do not distribute voter registration forms with applications for disability transportation services, assist with completion of voter registration forms, or accept voter registration forms for transmittal to appropriate state election officials.

## CAUSE OF ACTION

30. Defendants' failure to designate Access Link and Community Transportation as voter registration agencies violates Section 7 of the NVRA.

31. Defendants' failure to provide Access Link and Community Transportation clients with opportunities to register to vote in the manner specified by Section 7 violates the NVRA.

32. Unless enjoined by order of this Court, Defendants will continue violating Section 7 of the NVRA by failing to designate Access Link and Community Transportation as voter registration agencies and by failing to offer Access Link and Community Transportation customers specified voter registration services.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order:

(1) Declaring that Defendants' failure to designate Access Link and Community Transportation as voter registration agencies violates Section 7 of the NVRA;

(2) Directing Defendants to designate Access Link and Community Transportation as voter registration agencies under Section 7 of the NVRA;

(3) Requiring Defendants to take all steps necessary to ensure that Access Link and Community Transportation offer voter registration services in the manner specified by Section 7 of the NVRA;

(4) Requiring Defendants to coordinate and direct a remedial program to offer voter

registration services to Access Link and Community Transportation customers who applied for disability services from these offices in the four years preceding entry of a final order; and

(5) Granting such additional relief as the interests of justice may require.

Date: August 5, 2021

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney
District of New Jersey

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Michael E. Campion*
MICHAEL E. CAMPION
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
Civil Rights Unit
970 Broad Street, Suite 700
Newark, NJ 07102

*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
RACHEL EVANS
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M. Street NE, Room 8.143
Washington, DC 20530